# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |
|---|
| **TERRENCE BUTCH ALLAH BLACKMAN**, |
| Plaintiff, |
| v. |
| **SOCIAL SECURITY ADMINISTRATION**, |
| Defendant. |

Case No. 18-cv-2743 (CRC)

## MEMORANDUM OPINION

Terrence Butch Allah Blackman, proceeding *pro se*, filed suit in the Superior Court of the District of Columbia, alleging that the Social Security Administration ("SSA") has repeatedly and unlawfully taken money from his paychecks. Compl., ECF No. 1-1, at 5. His one-paragraph, handwritten complaint is otherwise hard to decipher, casting charges of "forced and false imprisonment" and demanding damages to the tune of $400 million with no further factual elaboration. Id.

SSA removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), and 1446. Notice of Removal, ECF No. 1-1, at 3–4. The agency has now filed a motion to dismiss for lack of subject matter jurisdiction[1] on the assumption that Mr. Blackman challenges a reduction of his

---

[1] In this Circuit, "[t]here is some uncertainty regarding whether a failure to exhaust administrative remedies is properly brought in a Rule 12(b)(1) motion, as a jurisdictional defect, or in a Rule 12(b)(6) motion for failure to state a claim." Hall v. Sebelius, 689 F. Supp. 2d 10, 21 (D.D.C. 2009). However, numerous courts within the Circuit have dismissed cases on jurisdictional grounds for failures to exhaust. See, e.g., Ford v. Astrue, 808 F. Supp. 2d 150, 153 (D.D.C. 2011) ("When it comes to judicial review of SSA decisions, exhaustion is a jurisdictional requirement[.]"); Jones v. United States, 813 F. Supp. 2d 210, 214 (D.D.C. 2011) (granting motion to dismiss for failure to exhaust under Rule 12(b)(1)).

monthly benefits.[2] Blackman's opposition to that motion is, like his complaint, largely incoherent and does not respond to the agency's argument for dismissal. Pl.'s Opp'n, ECF No. 6, at 1.

When evaluating a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), the Court "assume[s] the truth of all material factual allegations in the complaint and construe[s] the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged." Am. Nat. Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (internal citations omitted). However, the Court need not accept any inferences that are unsupported by facts alleged in the complaint, nor must it accept a plaintiff's legal conclusions. See, e.g., Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002). The Court "may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." Jerome Stevens Pharm., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253 (D.C. Cir. 2005).

In 1996, Blackman applied for and first received disability insurance benefits and supplemental security income.[3] Declaration of Michael Sampson ("Sampson Decl."), Mot.

---

[2] To the extent that Blackman challenges something else, his complaint falls far short of the minimum pleading requirements set forth in Federal Rule of Civil Procedure 8(a), which demands "(1) a short and plain statement of the grounds for the court's jurisdiction [and] . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a). Blackman's complaint, while short, fails to explain the factual or legal basis for his claim.

[3] Blackman's complaint is devoid of any specific factual allegations. The Court thus draws these facts—none of which Blackman has rebutted in his opposition—from the Defendant's Motion to Dismiss and the documents accompanying it. SSA has provided a declaration from its Chief of Court Preparation and Review, who is "responsible for the processing of claims under Title II of the Social Security Act . . . whenever a civil action has been filed in the District of Columbia." Sampson Decl. ¶ 3. The declaration is accompanied by

Dismiss Ex. A ¶ 3(a). In 2004, SSA notified Blackman that his supplemental security income would be eliminated and advised him of his right to appeal the decision. Id. ¶ 3(a); id. Ex. 1 (Notice of Planned Action). There is no indication that Blackman did so. Id. ¶ 3(b). In 2008, SSA declared Blackman ineligible for disability benefits, id. ¶ 3(c), but the agency subsequently revised that determination after Blackman appealed, id. ¶ 3(e); id. Ex. 2 (Request for Reconsideration); id. Ex. 3 (Continuance of Disability).

Several years later, in August 2015 and February 2016, the Treasury Department notified Blackman that his payments would be reduced to satisfy his outstanding debt to the Department of Education. Id. ¶ 3(f); id. Ex. 4 (Warnings of Benefit Reduction). A letter dated March 3, 2016 advised Blackman that the Treasury Department had applied $106 from his $856 monthly disability payment to repay that debt. Id. ¶ 3(g); id. Ex. 5 (Confirmation of Offset). The Department sent Blackman similar letters until December 2018. Mot. Dismiss at 3; Sampson Decl. Ex. 7 (Confirmation of Offset).

While Mr. Blackman's precise claim is unclear, SSA takes his allegations as a challenge to that reduction, Mot. Dismiss, ECF No. 4, at 4, and the Court will construe it as such. As an initial matter, SSA was not involved in this reduction of benefits or in the diversion of funds to the Department of Education. Id. Even if SSA had been the agency behind the benefits reduction, this Court would lack jurisdiction over Blackman's claim. The Social Security Act provides that a party can only seek judicial review of a "final decision of the Commissioner of Social Security made after a hearing[.]" 42 U.S.C. § 405(g); see Ford v. Astrue, 808 F. Supp. 2d

---

various notices that SSA and the Department of Treasury sent Mr. Blackman over the years. See id. Exs. 1–7.

3

150, 153 (D.D.C. 2011) ("[O]nly final decisions made by the Commissioner can be reviewed in federal court."). The regulations implementing that act require a four-step administrative process before the Commissioner can reach such a final decision. See 20 C.F.R. § 416.1400(a). Blackman's complaint makes no mention of a final agency decision; it does not even show an attempt to bring claims to the agency. See Mot. Dismiss at 3; Notice of Removal at 5; Pl.'s Opp'n at 1–2. Because there has been no showing that Blackman has exhausted the prescribed administrative remedies, this Court lacks subject matter jurisdiction.

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss. A separate Order shall accompany this memorandum opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: April 1, 2019